JACQUELINE BRADLEY
P.O. Box 90
Alameda, CA 94501
(510) 548-____
Plaintiff, In Pro Per

**FILED**

JUL 1 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
JUL 17 2006
RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE BRADLEY,

                    Plaintiff,

vs.

JO ANN BARNHART,
Commissioner of Social Security,

                    Defendants.
_____/

No. CV 05 00649 MJJ

EX-PARTE REQUEST TO CONVERT
PLAINTIFF'S CASE TO ELECTRONIC
FILING; ~~PROPOSED~~ ORDER
[Authority: Local Rule 7-10]

Plaintiff, Jacqueline Bradley, respectfully requests that the Court allow the

within matter to be converted to Electronic Filing status, so that Plaintiff may obtain

assistance from the legal community in complying with this Court's Order of

June 22, 2006, requiring Plaintiff to submit her Motion For Summary Judgment, or that

Plaintiff's case will be dismissed for failure to prosecute.

On July 14, 2006, Plaintiff requested of the Defendants, permission to convert the

within cause to electronic filing status for the reasons herein requested; however, the

Defendants have made no response to Plaintiff's urgent request concerning converting

the within matter to Electronic Filing Status so that Plaintiff may have access to

Plaintiff's case by way of the Pacer Service Center.

Ex-Parte Request To Convert Plaintiff's Case
To Electronic Filing; Proposed Order

1

Plaintiff, a disabled individual without counsel, has had no access to the court files in

this cause, even though Plaintiff has a Pacer Log-In Number and password since

July 25, 2005; Plaintiff has just been notified by this Court on July 14, 2006, that Plaintiff

first must obtain permission from this Court, in order to review and have access to

Plaintiff's records in the within cause.

Plaintiff's files in her possession are only a portion of the Court's records; Plaintiff

first consulted with a law firm in San Jose, who kept Plaintiff's files from June, 2005,

until January, 2006, when Plaintiff returned to the law firm for her follow-up

consultation, only to be informed that the law firm does not handle cases before the

United States District Court; then in March of this year (2006), another law firm

consulted with Plaintiff, obtained Plaintiff's file in April, advised Plaintiff not to file a

Motion for Summary Judgment in the within cause, rather, to let the Defendants proceed,

inasmuch as Plaintiff has brought the within cause to justice.

Within the past week Plaintiff as been informed that one of the lawyers of the law firm

that had kept Plaintiff's files for more than two months, has just been diagnosed with a

terminal illness, and is unable to proceed on Plaintiff's behalf. Plaintiff's file has been

returned to her on July 9, 2006; however, Plaintiff has never had any access to her court

files through the Pacer Service Center, which is necessary for the legal community to

Ex-Parte Request To Convert Plaintiff's Case
To Electronic Filing; Proposed Order

assist Plaintiff comply with this Court's Order for Plaintiff to file a Motion For Summary
Judgment within 30 days from June 22, 2006.

Dated this 15th day of July, 2006, under penalty of perjury under the laws of the
State of California, that the foregoing is true and correct to the best of my knowledge
and belief.

By: _____ 7/15/06
Jacqueline Bradley,
Plaintiff

IT IS SO ORDERED

Dated: July 18, 2006

Honorable Martin J. Jenkins
United States District Court Judge

Ex-Parte Request To Convert Plaintiff's Case
To Electronic Filing; Proposed Order

3