IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY, | No. C05-00649 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BARNHART, | |
| Defendant. | |

Pending before this Court are cross Motions for Summary Judgment filed by both Plaintiff Jacqueline Bradley ("Plaintiff") and Defendant Barnhart ("Defendant"). (Docket Nos. 25, 30.) For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment is therefore **DENIED** as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1997 Plaintiff, a Supplemental Security Income (SSI) recipient, filed a request for a Plan for Achieving Self-Support (PASS) which would allow her to accumulate funds which the Social Security Administration (SSA) would not count as income or resources, so that she could pay for a Bar Review course and take the California Bar Examination with the goal of practicing law. (Administrative Record ("AR") at 41-50.) The SSA initially, and on reconsideration, denied Plaintiff's application. Plaintiff then requested a hearing before an ALJ. (AR at 57-65.) On July 7, 1999, following a hearing, the ALJ denied Plaintiff's PASS application. (AR at 12-18, 25-40.) The Appeals Council denied Plaintiff's request for review (AR at 2-6) and Plaintiff filed an action in this

court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *See Bradley v. Apfel*, No. C 01-01172 SI, N.D. Cal.

On April 2, 2002, the district court remanded Plaintiff's action to the Commissioner for further proceedings. (AR at 110-22.) On February 28, 2003, the ALJ, after a hearing, found on remand that Plaintiff's PASS occupation goal was feasible and viable. The ALJ approved Plaintiff's PASS expenses for a Bar review course and the California Bar examination. (AR at 158-65.)

When the local SSA office began to effectuate the ALJ's decision, the SSA staff discovered new evidence that Plaintiff had not previously disclosed. Specifically, SSA staff contacted the California Department of Rehabilitation and was informed that Plaintiff had previously taken the California Bar Exam a total of three times and the State of California had paid for the exam fees and preparatory courses all three times. (AR at 179-82.) The ALJ was advised of this new evidence and on August 7, 2003 he issued a notice of hearing advising Plaintiff that he was reopening his February decision because subsequent information had raised the possibility that Plaintiff had provided false and misleading information that would have had a material effect on the outcome of her claim for approval of her PASS request. (AR at 99-103.)

Plaintiff, along with her non-attorney representative, appeared at the September 2, 2003 hearing. (AR at 199-250.) The PASS specialist from the local Social Security office who had discovered the new evidence also appeared and testified. (*Id.*) On October 10, 2003 the ALJ issued a new decision reopening his prior decision and denying Plaintiff's PASS application. (AR at 90-98.) The Appeals Council denied Plaintiff's request for review. (AR at 86-89.) Plaintiff then filed this action, seeking reversal of the ALJ's October 10, 2003 decision. Both parties now seek summary judgment.

**LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence

2

of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Id.* at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at 250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in its favor. *Id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

## ANALYSIS

Plaintiff filed a Motion for Summary Judgment contending that she was entitled to the relief sought because: (1) only the Social Security Appeals Council, Secretary and Claimant, not the ALJ, have the authority to initiate review and re-open a determination or decision, (2) the ALJ has no authority to review and re-open Plaintiff's February 28, 2003 decision more than sixty days after it was issued, and (3) the ALJ's act of re-opening Plaintiff's case violates Plaintiff's right to procedural and substantive due process. (Plf.'s Mem. of P. & A. at 1, 4, 8.) Defendant opposed Plaintiff's Motion and filed a cross Motion for Summary Judgment. Defendant argues that (1) the ALJ properly reopened the previous decision; (2) the ALJ afforded Plaintiff her proper procedural rights and substantive due process; and (3) the ALJ's decision is supported by substantial evidence and free of legal error.

The Commissioner's decision must be affirmed upon review if it was supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). SSA regulations provide that a decision which is otherwise binding and conclusive may be reopened under certain circumstances. *See* 20 C.F.R. § 404.987(a).

The regulations state that the Social Security Administration "may reopen a final determination or decision on our own initiative, or you may ask that a final determination or a decision to which you were a party be reopened. In either instance, if we reopen the determination or decision, we may revise that determination or decision." *Id*. § 404.987(b); *see also id.* § 404.901 (defining "we" as the Social Security Administration). A final determination may be reopened by the claimant or the Social Security Administration within twelve months for any reason, within four years for good cause, or at any time because, inter alia, the determination was obtained by fraud or similar fault. *Id*. § 404.988. While final determinations are reviewable, this Court lacks jurisdiction to review the denial of a request to reopen in the absence of a challenge based on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).

The Court takes each of the issues in turn. First, Plaintiff contends that only the Social Security Appeals Council, Secretary and claimant have the authority to reopen Plaintiff's case, not the ALJ. The Court finds this argument unavailing. As noted above, pursuant to 20 C.F.R. §§ 404.987 and 404.988, the Social Security Administration may reopen a final determination or decision on its own initiative. *See* 20 C.F.R. § 404.987(b). There is no language limiting the power to reopen to the Appeals Council and the Secretary, and denying that power to ALJs. *See id.* ("We may reopen a final determination or decision on our own initiative"); *id.* § 404.901 (defining "we" as the Social Security Administration). In addition, the ALJs' power to reopen is implied in other courts' discussions of administrative decisions regarding reopening. *See, e.g.*, *Krumpelman v. Heckler,* 767 F.2d 586 (9th Cir. 1985) (holding that the district court did not have jurisdiction over the claim because, inter alia, the ALJ explicitly declined to reopen the decision); *Pearson v. Secretary of Health and Human Services*, 780 F. Supp. 682, 686 (E.D. Cal. 1991) (finding that while the Secretary has power to reopen prior agency determinations, the ALJ in this case decided not to reopen a prior decision and therefore the district court lacked jurisdiction over the claim).

In addition, in the present case, the ALJ's actions were timely. The ALJ reopened Plaintiff's case on August 7, 2003. The hearing was conducted on September 2, 2003 and the ALJ issued a final determination on October 10, 2003. All of these actions were taken well within a year after the initial February 28, 2003 determination. The ALJ also noted in his October 12, 2003 decision that

4

"[t]he regulations provide that I may reopen a prior determination for any reason within 12 months of the date of that determination." (AR at 95.) The ALJ reasoned that "[b]ecause my prior decision was dated February 28, 2003, a little over 7 months ago, I am permitted to reopen that prior decision for any reason at all, certainly including the discovery of the material evidence that I discuss below." (AR at 95.) Therefore, as a matter of law, the ALJ was within his proper authority in reopening Plaintiff's case.[1]

Next, Plaintiff contends that the ALJ's decision to reopen his prior decision constitutes an attack on the finality of decisions and constitutes a violation of claimant's right to due process. *Id.* Courts that have considered the time limits specified in 20 C.F. R. § 404.988 for reopening and revising determinations found that they are consistent with constitutional due process. *See Lett v. Sullivan*, 1991 WL 17795, at *3 (E.D. Pa. Feb. 12, 1991), order aff'd 950 F.2d 722 (3d Cir. 1991). As the *Lett* court noted, these regulations, "clearly do not violate due process. These regulations are the product of the rulemaking authority granted the Secretary under the Social Security Act. 51 Fed. Reg. 18312 (1986)." *Id.* Furthermore, a constitutional claim under due process must implicate a due process right to a meaningful opportunity to be heard. *See Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997). Here, Plaintiff was provided sufficient notice that her case was to be re-opened. (AR at 99-103.) She was advised that the ALJ had scheduled another hearing since he intended to reopen his prior decision. (AR at 99-103.) Further, Plaintiff appeared at the September 2, 2003

---

[1] Similarly, Defendants argue that pursuant to 20 C.F.R. § § 416.1488(b) and 416.1489(a)(1) the ALJ also had the authority to reopen his prior determination anytime within two years because of the discovery of new and material evidence that provides "good cause" for reopening. *See* 20 C.F.R. § § 416.1488(b) and 416.1489(a)(1). Here, Defendants contend that upon the implementation of the ALJ's February 26, 2003 decision, local SSA staff contacted the California Department of Rehabilitation and discovered that Plaintiff had previously taken the California Bar Exam a total of three times and the State of California had paid for the exam fees and preparatory courses all three times. (AR at 179-82.) This information was new material information that was contrary to the information the ALJ had previously based his decision upon. In fact, the ALJ's February 26, 2003 determination notes that Plaintiff had taken (and failed) the California Bar Exam only once. (AR at 163.) Based on the discovery of this new information, on August 7, 2003, the ALJ issued a notice of hearing advising Plaintiff that he was reopening his February decision because subsequent information had raised the possibility that Plaintiff had provided false and misleading information that would have had a material effect on the outcome of her claim for approval of her PASS request. (AR at 99-103.) This information was a significant factor in determining whether Plaintiff's PASS plan was feasible and viable. Thus, the ALJ's decision to reopen his prior decision was reasonable and based on proper legal standards pursuant to 20 C.F.R. § 404.988(b) as well.

5

1 hearing before the ALJ.[2] (AR at 199-250.) Plaintiff, therefore, had ample opportunity to present her case as to why the ALJ should not deny her PASS application. Plaintiff's contention that she was denied a meaningful opportunity to be heard is not valid. As a matter of law, Plaintiff was not denied due process.

Finally, Defendant argues that the ALJ's decision is supported by substantial evidence. The Court agrees. A Plan to Achieve Self-Support, PASS, must, inter alia, have a specific employment goal that is feasible, in that the participant has a reasonable likelihood of achieving the goal, and be economically viable. *See* 20 C.F.R. § 415.1226. In the October 10, 2003 decision, the ALJ found that Plaintiff's inability to remember that she had taken, and failed, the bar exam on three occasions showed that her work goal of practicing law as an attorney was neither feasible nor viable. (*See* AR at 96-97.) The ALJ's finding was in light of the his prior finding that claimant's behavior inspired "virtually no confidence," and her inability to remember specifics and failure to provide details reflected both on her credibility and her lack of the type of skills needed to pass the bar exam. (*See id.*) The ALJ's decision was also based on new information showing that the Department of Rehabilitation would not pay for any further attempts at passing the Bar until Plaintiff underwent "an extensive evaluation of her vocational abilities." (*Id.* at 96.) The ALJ therefore found that Plaintiff's PASS occupational goals were neither feasible nor viable and denied PASS expenses for a bar review course and bar examination fees. (*Id.* at 98.)

The record of the September 2, 2003 hearing shows that the ALJ questioned Plaintiff about the new information that had come to light, namely Plaintiff's prior attempts at taking the bar exam and the source of funds for the exam and related preparatory courses. During the hearing, Plaintiff testified that she had indeed taken the bar exam three times and the State of California Department of Rehabilitation had paid for, at a minimum, the most recent exam. (*See* AR at 209, 211, 232, 233, 239.) Plaintiff did not offer an explanation for why she failed to tell the ALJ, at the prior hearing, about her most recent attempt at taking the bar. Based on this information, the ALJ changed his prior determination. Given the record in this case, the Court finds that the ALJ's decision was

---

[2] Insofar as Plaintiff contends otherwise in the unsworn statements contained in her "Addendum to Defendant's Opposition and Cross-Motion to Motion for Summary Judgment," her assertions are flatly contradicted by the evidence in the record. (*See* AR at 99-250.)

supported by sufficient evidence.

In sum, the ALJ was authorized by statute to reopen Plaintiff's case, Plaintiff was not denied due process, and the ALJ's decision is supported by substantial evidence in the record. Defendant is, therefore, entitled to summary judgment because there are no triable issues of material fact.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment as moot. The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: March 10, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE